## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROPES & GRAY LLP,** | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. _____ |
| **K&S CONSULTING LLC,** | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Ropes & Gray LLP, by and through its undersigned attorneys, brings this Complaint against Defendant K&S Consulting LLC and hereby states and alleges the following:

## INTRODUCTION

1. This is an action by Plaintiff Ropes & Gray LLP to recover unpaid legal fees and expenses from Defendant and former client K&S Consulting LLC.

## THE PARTIES

2. Plaintiff Ropes & Gray LLP ("Ropes & Gray" or the "Firm") is an international law firm with offices in several cities, including Boston, Massachusetts. Ropes & Gray is registered as a limited liability partnership under the laws of the State of Delaware.

3. Upon information and belief, Defendant K&S Consulting LLC ("K&S Consulting") is a limited liability company organized under the laws of the State of Texas, with its primary place of business in Houston, Texas. Upon information and belief, K&S Consulting conducts business under other similar names, including but not limited to "K+S Consulting LLC" and "K & S Consulting Management, LLC."

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claim occurred in the District of Massachusetts.

6. As discussed *infra*, Defendant K&S Consulting has consented to the jurisdiction of this Court and has agreed that this Court is a proper venue for this action.

## RELEVANT FACTS

*A.   Background*

7. K&S Consulting was a client of the Firm from 2013 to 2015.  During that time, Ropes & Gray performed hundreds of hours of legal work on behalf of K&S Consulting with respect to the potential acquisition of an anesthetic services practice, including related tax issues (the "Matter").  The lawyer at the Firm who was primarily responsible for the Matter is a partner in the Firm's Boston office.  Other lawyers and professionals from the Firm's Boston and New York offices also worked on the Matter.

8. Omar Kiggundu is the registered agent for K&S Consulting and was Ropes & Gray's primary contact at K&S Consulting.  Mr. Kiggundu signed on behalf of K&S Consulting an engagement letter dated August 21, 2013 that set forth the terms of the relationship between K&S Consulting and the Firm (the "Agreement").  A Ropes & Gray partner signed the Agreement on behalf of the Firm.  A true and correct copy of the Agreement is attached hereto as Exhibit A.  K&S Consulting has consented to the jurisdiction of this Court in connection with

any dispute under the Agreement. The Agreement provides that it is governed by Massachusetts law.

9. Among other terms, the Agreement provides that the Firm's fees are "based on the hours worked by Ropes & Gray LLP professionals and the hourly rates in effect at the time services are rendered." The Agreement also provides that charges incident to the services provided by Ropes & Gray—*e.g.*, photocopying and courier service—are the responsibility of K&S Consulting.

10. The Agreement provides that, "unless other arrangements are made, fees for services and other charges generally will be billed monthly and are payable within 30 days of receipt." The Firm sent regular invoices for legal services performed and costs incurred for K&S Consulting. These detailed invoices stated what services had been performed, when the work took place, the names and billing rates of the attorneys who performed the work, and included a summary of the costs incurred by Ropes & Gray on K&S Consulting's behalf.

11. Under the Agreement, the requirement for payment is not contingent upon any particular outcome in the Matter.

12. Services performed in connection with the Matter were concluded in early January 2015. The final invoice for the Matter was delivered to K&S Consulting on March 18, 2015.

**B.** ***K&S Consulting Ceases Paying the Firm's Invoices***

13. K&S Consulting paid the first three invoices sent by the Firm. However, K&S Consulting has failed to pay any amount to the Firm for 31 invoices dated from March 25, 2014 to March 18, 2015 (the "Unpaid Invoices"). The Unpaid Invoices comprise $2,311,759.54 in

legal fees and $18,237.91 in costs, for a total of $2,329,997.45. A chart summarizing the Unpaid Invoices is attached hereto as Exhibit B.

14. All of the Unpaid Invoices are past due.

15. The Firm sent the Unpaid Invoices to K&S Consulting at the address where the Firm has corresponded with K&S Consulting throughout the Matter, *i.e.*, 5120 Woodway Drive, Suite 7012, Houston, Texas, 77056. This was the same address to which the Firm sent the first three invoices that K&S Consulting did pay.

*C.     K&S Consulting Stops Responding to Ropes & Gray's Communications*

16. The Firm has repeatedly requested by telephone and e-mail that K&S Consulting pay the Unpaid Invoices.

17. K&S Consulting has not, at any point, disputed the amounts owed on the Unpaid Invoices or the accuracy of any of the charges reflected therein.

18. The Agreement provides that the parties "will attempt to resolve [any] dispute through non-binding mediation" before "instituting any formal proceeding." In September 2015, Ropes & Gray raised the prospect of mediation with Mr. Kiggundu, who initially expressed interest. However, Mr. Kiggundu did not respond to Ropes & Gray's subsequent communications regarding mediation, including an e-mail in which Ropes & Gray asked Mr. Kiggundu to select from a slate of potential mediators that Ropes & Gray had provided to him, thus indicating his rejection of Ropes & Gray's offer to mediate.

19. In addition to offering to mediate, Rope & Gray also tried to resolve its dispute with K&S Consulting without resort to mediation (or other judicial action). In late September 2015, Mr. Kiggundu stated to a representative of the Firm that additional sources of funds would

become available to K&S Consulting.  Mr. Kiggundu stated an intention to use those funds to satisfy K&S Consulting's outstanding balance owed to the Firm.

20.     In an email dated October 9, 2015, sent to representatives of the Firm, Mr. Kiggundu referenced two "anticipat[ed]" or "expected" events that would provide additional funds to K&S Consulting from which it could satisfy its outstanding balance.  Mr. Kiggundu stated that he would "draft a write-up this weekend on both of these opportunities," and he wrote: "[T]alk to you soon."  Mr. Kiggundu did not communicate further with the Firm.

21.     On December 11, 2015, Ropes & Gray sent by certified mail to K&S Consulting a letter (the "Demand Letter") stating that the Firm had provided $2,311,759.94 in legal services and incurred $18,237.91 in costs on behalf of K&S Consulting and that those amounts had not been paid.  Ropes & Gray stated that it preferred to resolve the matter consensually and was willing to discuss payment arrangements, including a potential repayment over a reasonable period of time.  The Demand Letter advised that, if Ropes & Gray did "not receive payment or other satisfactory response by December 18, 2015," the Firm would proceed with legal action.

22.     The certified mail receipt indicates that a representative of K&S Consulting received the Demand Letter on December 14, 2015.

23.     The Firm has not received any further communication from K&S Consulting or Mr. Kiggundu.

## CLAIMS FOR RELIEF

### Count I
### (Breach of Contract)

24.     Ropes & Gray repeats paragraphs 1-23 as if set forth fully herein.

25.     By Agreement dated August 21, 2013, Ropes & Gray agreed to provide legal services, and K&S Consulting agreed to pay for those legal services and for costs incurred in

connection therewith. Ropes & Gray provided those services and has performed its obligations under the Agreement. K&S Consulting has failed to pay for $2,311,759.54 in legal services that it received and has failed to repay $18,237.91 in costs, for a total of $2,329,997.45.

26. By failing to pay Ropes & Gray, K&S Consulting has breached the Agreement and owes Ropes & Gray $2,329,997.45.

27. By failing to pay Ropes & Gray, K&S Consulting has breached the covenant of good faith and fair dealing implied by law in the Agreement.

## COUNT II
### (Account Stated)

28. Ropes & Gray repeats paragraphs 1-27 as if set forth fully herein.

29. From March 25, 2014, through March 18, 2015, Ropes & Gray regularly submitted written invoices to K&S Consulting reflecting amounts owed for legal services rendered and costs incurred on K&S Consulting's behalf.

30. Until March 2014, all such invoices were paid by K&S Consulting in a timely manner.

31. Thirty-one written invoices stating amounts owed by K&S Consulting for services performed and costs incurred by the Firm from December 30, 2013 to February 28, 2015 (the Unpaid Invoices) were submitted to K&S Consulting in a timely fashion and in their customary manner from March 25, 2014 through March 18, 2015.

32. K&S Consulting received the Unpaid Invoices but has at no point disputed the amounts owed, questioned the accuracy of the Unpaid Invoices, or suggested that any of the services or costs reflected therein were not performed or incurred on K&S Consulting's behalf.

33. K&S Consulting's silence amounts to an implicit acknowledgment of its debt to Ropes & Gray as stated in the Unpaid Invoices.

-7-

34. K&S Consulting therefore owes Ropes & Gray $2,329,997.45 as an Account Stated.

## COUNT III
### (Quantum Meruit)

35. Ropes & Gray repeats paragraphs 1-34 as if set forth fully herein.

36. K&S Consulting requested and accepted legal services provided by Ropes & Gray, and K&S Consulting benefitted from those services and costs incurred by Ropes & Gray on behalf of K&S Consulting. It would unjustly enrich K&S Consulting to permit acceptance of those legal services without paying Ropes & Gray for the reasonable value of all said services and reimbursing Ropes & Gray for the costs incurred on Defendant's behalf.

37. The reasonable value of the unpaid legal services rendered to K&S Consulting and costs paid on behalf of K&S Consulting is $2,329,997.45.

38. Ropes & Gray has been injured and damaged as a result of K&S Consulting's failure to pay for the legal services rendered and costs incurred on K&S Consulting's behalf.

## **PRAYER FOR RELIEF**

Wherefore, Ropes & Gray respectfully prays that this Court:

1. Award damages in the amount of at least $2,329,997.45, plus applicable interest.

2. Award to Ropes & Gray its attorney's fees and costs; and

3. Grant such other and further relief as may be appropriate.

        ROPES & GRAY LLP

        By its attorneys,

Dated: February 1, 2016        /s/ James M. Wilton
        James M. Wilton (BBO # 557336)
        ROPES & GRAY LLP
        Prudential Tower
        800 Boylston Street
        Boston, MA 02199-3600
        Phone: (617) 951-7000
        Fax: (617) 951-7050
        james.wilton@ropesgray.com

        Of Counsel:

        Jonathan R. Ference-Burke (D.C. Bar #1001179)*
        ROPES & GRAY LLP
        2099 Pennsylvania Ave., NW
        Washington, DC 20006
        Phone: (202) 508-4600
        Fax: (202) 508-4650
        jonathan.ference-burke@ropesgray.com

        **Pro hac vice* application to be submitted